IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSELITO MARQUEZ,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | CIV. NO.: 15-2127 (SCC) |

**MEMORANDUM AND ORDER**

Joselito Marquez, ("Plaintiff" and/or "Claimant"), moves the Court to remand this case to the Commissioner of Social Security ("the Commissioner"). However, after a review of the record and the parties' memoranda, we affirm the Commissioner's decision.

*STANDARD OF REVIEW*

Under the Social Security Act ("the Act"), a person is disabled if he is unable to do his prior work or, "considering

his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d). The Act provides that "[t]he findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence exists "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [the] conclusion." *Irlanda-Ortiz v. Sec'y of Health & Human Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). Thus, the Commissioner's decision must be upheld if we determine that substantial evidence supports the ALJ's findings, even if we would have reached a different conclusion had we reviewed the evidence *de novo*. *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 128 (1st Cir. 1981).

The scope of our review is limited. We are tasked with determining whether the ALJ employed the proper legal standards and focused facts upon the proper quantum of evidence. *See Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's decision must be reversed if his decision was derived "by ignoring evidence, misapplying law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). In reviewing

a denial of benefits, the ALJ must have considered all of the evidence in the record. 20 C.F.R. _ 404.1520(a)(3).

The Act sets forth a five-step inquiry to determine whether a person is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps must be followed in order, and if a person is determined not to be disabled at any step, the inquiry stops. *Id.* Step one asks whether the plaintiff is currently "doing substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(I). If he is, he is not disabled under the Act. *Id.* At step two, it is determined whether the plaintiff has a physical or mental impairment, or combination of impairments, that is severe and meets the Act's duration requirements. 20 C.F.R. § 404.1520(a)(4)(ii). The plaintiff bears the burden of proof as to the first two steps. Step three considers the medical severity of the plaintiff's impairments. 20 C.F.R. § 404.1520(a)(4)(iii). If, at this step, the plaintiff is determined to have an impairment that meets or equals an impairment listed in 20 C.F.R. pt. 404, subpt. P., app. 1, and meets the duration requirements, he is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the plaintiff is not determined to be disabled at step three, his residual functional capacity ("RFC") is assessed. 20 C.F.R. § 404.1520(a)(4), (e). Once the RFC is determined, the

inquiry proceeds to step four, which compares the plaintiff's RFC to his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the plaintiff can still do his past relevant work, he is not disabled. *Id.* Finally, at step five, the plaintiff's RFC is considered alongside his "age, education, and work experience to see if [he] can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). If the plaintiff can make an adjustment to other work, he is not disabled; if he cannot, he is disabled. *Id.*

## *BACKGROUND AND PROCEDURAL HISTORY*

Mr. Marquez made his initial application for disability benefits on July 9, 2012, alleging that his disability began on January 1, 1999. Tr. 515. Plaintiff's application was initially denied, as was the reconsideration, and Plaintiff thereafter requested a hearing. Tr. 442-53, 459-460. The hearing was held on February 24, 2014. The Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. Tr. 13-26. The appeals council refused to review the ALJ's decision, and he filed his appeal. Tr. 1-6.

The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 404. 1567 (b), except that he had to alternate positions between sitting and standing every two hours. Tr. 23. The ALJ then found that while he could no longer perform his past relevant work, there existed work that he could perform; therefore, he was not disabled. Tr. 25, 26.

## *ANALYSIS*

Plaintiff alleges several errors in the ALJ's decision. First, he claims that the ALJ did not assign controlling weight to Plaintiff's treating physicians. Second, the Plaintiff argues that although he has the RFC to perform light work, the ALJ's conclusion that he needs to alternate between sitting and standing positions every two hours, is erroneous. Third, Plaintiff avers that the ALJ did not apply the proper legal standards for evaluating subjective complaints of pain and did not conduct a full discussion of the *Avery* Factors.

As to the first "error," the Commissioner's regulations require the ALJ to give the opinions of treating physicians "on the nature and severity" of a Plaintiff's impairments "controlling weight", at least where the opinions are "well-supported by medically acceptable clinical and laboratory

diagnostic techniques" and are "not inconsistent with other substantial evidence" in the case record. 20 C.F.R. 404.1527(c)(2). *But see* 20 C.F.R. 404.1527(d)(2) (noting that "final responsibility for deciding" various issues, including an impairment's nature and severity, "is reserved to the Commissioner"). The ALJ must "always give good reasons" for the weight it gives a treating source opinion. 20 C.F.R. 404.1527(c)(2); *see also Polanco-Quiñones v. Astrue*, 477 F.App'x 745, 746 (1st Cir. 2012)(per curiam).

Upon review of the record, the Court finds that the ALJ properly considered the evidence of record, including the treating physician's opinions, prior to June 30, 2012, the date of the onset of the disability. As the government correctly points out, Mr. Marquez did not specify which of the evaluations of Drs. Figueroa and Cummings he relied upon to contest the ALJ's findings. Assuming that Mr. Marquez was referring to Dr. Figueroa's March 5, 2010 note stating that Marquez is "totally disabled," (Tr. 683), such evaluation took place after the expiration of Mr. Marquez' insured status. To be eligible for Disability Insurance Benefits, a claimant must establish that he became disabled prior to the expiration of his

insured status. *See McNier v. Commissioner of Social Security*, 166 F.Supp.3d 904, 911 (S.D. Ohio, 2016). Therefore, medical evidence regarding a time after plaintiff's Date Last Insured ("DLI"), "is only minimally probative" and should "only [be] considered to the extent it illuminates a claimant's health before the expiration of his or her insured status." *Id*. (citations omitted). In this case, Mr. Marquez' last insured date was June 30, 2002, well before the 2010 evaluation that he relies upon. *See* Tr. 534-36. Aside from mentioning Drs. Figueroa and Cummings' opinions, without specific reference to dates, plaintiff did not point to a single evaluation post June 30, 2002 that contradicted the ALJ's determinations.

Next, Plaintiff claims that the ALJ erred in concluding that he needed to alternate between sitting and standing positions every two hours. A review of the record belies plaintiff's arguments. As expressed in his Memorandum, the ALJ took into consideration the treating physician notes from February 7, 2000, which mentioned that "the claimant's cervical spine appeared to be ok in the radiological studies." Tr. 24. The ALJ also took into consideration the evaluation made by Dr. Ramón Del Prado, a neurosurgeon. Dr. Del Prado found that

Plaintiff had a mildly limited range of motion of the neck and lumbosacral spine, and otherwise negative exam. He diagnosed cervical and lumbar sprain and recommended physical therapy. *Id.* Moreover, the ALJ gave "little weight" to the opinion of the State Agency's medical consultant that there was insufficient evidence dated before the claimant's date last insured to make a determination. Tr. 24. The ALJ properly considered all the evidence on record and concluded that plaintiff retained the RFC to perform a significant number of the jobs.

As the third, and final, error, plaintiff avers that the ALJ did not apply the *Avery* factors in evaluating his subjective complaints of pain. In making an RFC determination, the ALJ must consider all relevant medical evidence, which includes the claimant's own statements. *See Pachilis v. Barnhart*, 268 F.Supp.2d 473, 477 (E.D.Pa. 2003). The ALJ's decision properly considered the *Avery* factors in assessing his allegations of pain and diminished physical activity, but ultimately concluded that the record did not support a finding of disability. According to the ALJ, plaintiff's subjective complaints were not consistent with the other medical factors.

*See* Tr. 24.

> After careful consideration of the evidence, the undersigned finds that, during the period at issue, the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

Because our review of the ALJ's decision is limited to determining whether the findings in the final decision are supported by substantial evidence, and whether the ALJ applied the correct legal standards,[1] we affirm.

### CONCLUSION

For the reasons stated above, we AFFIRM the decision of the Commissioner.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st day of August, 2018.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

[1] *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001).